## Application of BEN LEWIS, et al.

Railroad & Public Utilities Commission.
November 27, 1951.

Herman E. Kohen, Miami Beach, for the applicant.

John H. Wahl, Jr., Miami, for Southern Bell Tel. & Tel. Co.

Mallory H. Horton, Miami, and George E. Owen, Tallahassee, for the Attorney General.

Commissioners JERRY W. CARTER and WILBUR C. KING participated in the hearing and disposition of this matter. Chairman RICHARD A. MACK, being away from the commission offices on official business at the time of the hearing, did not participate.

BY THE COMMISSION.

On July 26, 1951 Southern Bell Tel. & Tel. Co. notified this commission that on July 21 it had discontinued telephone service to telephone no. 5-5176, residence individual line and extension station, listed in the name of Sylvia Lewis, 4285 North Meridian Ave., Miami Beach, and telephone no. 58-7193, residence individual line (non-published) billed to Ben Lewis, 4285 North Meridian Ave., Miami Beach. The telephone company advised that the facilities were removed because of wiring rearrangements in violation of its tariff regulations.

On July 27 Southern Bell Tel. & Tel. Co. was notified by the Attorney General that the telephone facilities had been used in violation of the laws of the state of Florida, particularly the gambling laws. The Attorney General further requested the telephone company to discontinue telephone service to the telephones pursuant to section 8 of chapter 25016, Laws of Florida, Acts of 1949, as amended by chapter 26820, Laws of Florida, Acts of 1951.

Ben and Sylvia Lewis sought a writ of mandamus in the circuit court of Dade County to compel the telephone company to reinstate service. On August 3, 1951 the Honorable Grady

L. Crawford, one of the judges of that court, entered a judgment in the cause wherein he stated, in part, as follows:

"Having heard the argument of counsel and being otherwise advised in the premises, the court concluded that jurisdiction to determine the issue whether or not tariff violations had occurred was vested in the court, but that the issue concerning the reinstatement of the telephones in the light of the answer of the Attorney General was vested in the Railroad & Public Utilities Commission.

"Thereupon the court heard the evidence of the relators and the respondent Southern Bell Tel. & Tel. Co. on the issue of tariff violations, and upon consideration thereof the court found that there was no evidence of violations of tariff regulations of the telephone company warranting initial removal of the telephones on July 18 or 19, 1951. Accordingly, it is so adjudged.

"It is further ordered and adjudged that the cause be and it is hereby remanded or referred to the Railroad & Public Utilities Commission for further hearing and final disposition only on the petition and the answer of the Attorney General, as intervenor."

Thereafter on August 6, 1951 Ben and Sylvia Lewis requested a hearing before this commission on their application for reinstatement of service.

Ben and Sylvia Lewis are husband and wife and they and their four-year-old son reside at 4285 North Meridian Ave., the location from which the telephones were removed.

Throughout the hearing before the commission the applicants assumed the position that they were on trial for a violation of the criminal laws of this state and that the burden was on the Attorney General to prove the illegal use of their telephone facilities. Such was an erroneous assumption. Telephone service is being withheld from the joint applicants at the direction of the Attorney General under chapter 25016, Laws of Florida, Acts of 1949, as amended by chapter 26820, Laws of Florida, Acts of 1951. Section 11 of this law provides as follows:

"In any proceeding before the commissioners under this chapter and in any hearing or proceeding on appeal, the burden of proof shall be on the person contracting for such private wire to show that the private wire has not been

used, or is not being used, or is not intended for use in the furtherance of gambling or for gambling purposes."

Instead of meeting the burden placed upon them, the applicants at the hearing were evasive and unco-operative. They assumed the position that they were innocent until proved guilty and that unless they were proved to be guilty of unlawful use of the telephone facilities the service should be restored. Applicant Ben Lewis did not choose to take the stand in support of his application. He only reluctantly took the stand when called by the Attorney General as a witness of the Attorney General on direct examination. The Attorney General, therefore, had no opportunity to cross examine this applicant as would have been the case if applicant had testified as a witness in support of his application. This commission, in a previous case of this nature, ruled that it was necessary under the circumstances of that case for the applicant to appear and testify in support of his application for reinstatement of telephone facilities. In that case, on the application of International Social Club for installation of telephone facilities, although testimony was offered in support of the application, the applicant did not appear and testify in support thereof. This commission there, in order no. 1719, said:

"Under the commission's rule (also section 8 of chapter 25016, Laws of Florida, Acts of 1949, as amended by chapter 26820, Laws of Florida, Acts of 1951) as adopted in order no. 1592, when installation of any telephone facility has been refused by the telephone company on reasonable grounds to believe that the facility will be used in violation of the law, the burden is upon the applicant to show that the telephone facility will not be put to any illegal use. Under the circumstances of this case the commission considers that it cannot determine whether or not the telephone facility applied for is likely to be used in the future for unlawful purposes in the absence of the testimony of the applicant in support of the application. The commission finds that applicant has failed to meet the burden imposed upon him by the aforesaid rule and statute and that the record in this case does not justify installation of telephone facilities at 571 N. E. 78th Street, Miami."

In view of the evidence offered by the Attorney General in the present case, we consider that applicant, to meet the burden

imposed upon him, should have testified in his own behalf and subjected himself to cross examination on the subject of use of his telephone facilities.

The evidence in this case shows extremely large long distance toll bills on each of the applicants' telephones during a period of one month in June and July, 1951, the toll bill on each telephone during such period being approximately $1,000. Numerous long distance toll calls were made during June and July, 1951, to the same telephones in Cincinnati, Cleveland and Minneapolis, as well as numerous toll calls to other northern points. Applicants testified that the calls related to the show business of applicant Ben Lewis but they were evasive and vague as to further explanation of these calls. They gave no specific information on any of them, nor could they name any party to whom such calls were made.

In addition to the above, W. H. Gasque, special investigator for the Attorney General's office, testified that he participated in a raid of the sheriff's office on a place in Dade County listed as Freedlin's Garage. He stated that the place had no resemblance to a garage. It is apparent from the evidence found by Mr. Gasque and the sheriff's office on the raid that it was what is commonly known as a "bookie joint." Among the gambling paraphernalia found at the place, the raiding officers found a card on which were listed names and telephone numbers. Among the numbers listed on the card were the numbers of the two telephones which applicants seek here to have reinstated. Also on the card there was listed a Cincinnati telephone number, Juniper 2760. The toll records of Southern Bell Tel. & Tel. Co. show that this same Cincinnati number was called repeatedly on both of applicants' telephones and on both of the telephones removed from this bookie joint. Applicants offered no explanation of these matters.

During the course of this proceeding certain evidence was offered by the Attorney General in the form of affidavits of telephone company officials in Cincinnati, Cleveland and Minneapolis, the purpose of such evidence being to identify the listings of the telephones in those cities shown by the toll records of Southern Bell Tel. & Tel. Co. to have been called from applicants' telephones with great frequency. Applicants objected to the introduction of the affidavits in evidence and the commission reserved ruling on the admissibility of same. The Attorney General contended that similar evidence had been

admitted by this commission in a previous proceeding for reinstatement of telephones. An examination of the record of such previous proceeding reveals that affidavits were admitted there. Unlike the present case, however, no objection to admissibility was made in that proceeding. It is the ruling of the commission that the affidavits not be admitted in evidence.

After due consideration of the testimony and evidence adduced in this cause, the commission finds that the applicants failed to satisfactorily explain to the commission the aforementioned highly suspicious incidents involving the use of their telephones. Applicants failed to meet the burden of proof imposed upon them by chapter 25016, as amended, supra, in that they failed to show to the satisfaction of the commission that the telephone facilties and service will not be used in the future for unlawful purposes. It is, therefore, the ruling of this commission that applicants are not entitled to said facilities and service.

It is ordered, adjudged and decreed that the application herein for reinstatement of telephones be and it is hereby denied without prejudice, however, to applicants to file within 15 days from the date of this order a request for further hearing on their application in the event they have further evidence to offer in support of same and in the event applicant Ben Lewis wishes to testify as a witness in support of the application and make a more detailed explanation of the above-mentioned large volume of out-of-state long distance toll calls placed from the telephone facilities.